# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **STEVEN JAKUBECZ,** 4227 Western Reserve Drive, Brunswick, OH 44212<br><br>and<br><br>**MICHELE JAKUBECZ,** 4227 Western Reserve Drive, Brunswick, OH 44212<br><br>    Plaintiffs,<br><br>    v.<br><br>**RELIANT LOAN SERVICING LLC,** c/o Registered Agent Solutions, Inc. 4568 Mayfield Road # 204 Cleveland, OH 44121<br><br>**FAY SERVICING LLC,** c/o Registered Agent Solutions, Inc. 4568 Mayfield Road # 204 Cleveland, OH 44121<br><br>and<br><br>**BARHAM & MAUCERE LLC,** c/o Registered Ohio Statutory Agent, Inc. 123 S. Broad Street, Suite 200 Lancaster, OH 43130,<br><br>    Defendants. | Civil Case No.<br><br><br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiffs Steven Jakubecz and Michele Jakubecz, through counsel, state as follows for their *Complaint for Damages* (the "Complaint") against Defendants Reliant Loan Servicing, LLC, Fay Servicing LLC, and Barham and Maucere, LLC:

## INTRODUCTION

1. Plaintiffs Steven Jakubecz and Michele Jakubecz (collectively, "Plaintiffs" or the "Jakubeczes") reached an agreement with Defendant Reliant Loan Servicing LLC ("Reliant") to modify the terms of their mortgage loan and cure a default thereunder. Plaintiffs fully performed their obligations under the parties' settlement agreement but the owner of their mortgage loan refused to honor the agreement and moved forward with foreclosure proceedings through the loan's servicer and their foreclosure and collections counsel.

2. Plaintiffs consequently had to engage legal counsel and incur costs for the same to defend against the foreclosure proceedings which should have been resolved through the agreement, and were caused to suffer from reasonable and justifiable fear that they would unjustly lose their home, causing tremendous stress and anxiety.

## PARTIES, JURISDICTION, AND VENUE

3. The Jakubeczes own and reside in a home located at and commonly known as 4227 Western Reserve Drive, in Brunswick, Ohio (the "Home").

4. The Jakubeczes currently occupy and maintain the Home as their primary, principal residence and have maintained the Home as such for all times relevant to the causes of action pleaded in this Complaint.

5. On July 13, 2001, Mr. Jakubecz executed a promissory note in the amount of $75,000 (the "Note") and a mortgage on the Home purportedly securing the Note (the "Mortgage") (collectively, the "Loan"). *See*, a copy of the Loan, attached as **Exhibit 1**.

6. Reliant is a foreign limited liability company organized under the laws of the State of Delaware, registered to do business in the State of Ohio, and with its principal place of business located at 920 Cassatt Rd, Ste 210, Berwyn, Pennsylvania.

7. Reliant, on information and belief, was at all times relevant to the causes of action pleaded in this Complaint, an assignee and/or owner of the Loan.

8. Fay Servicing, LLC ("Fay") is a foreign limited liability company organized under the laws of the State of Delaware, and with its principal place of business located at Fay Servicing, LLC, 8001 Woodland Center Blvd. Suite 100, Tampa, FL 33614.

9. Fay is the current servicer of the Loan and has serviced the Loan at all times relevant to the causes of action pleaded in this Complaint, and has acted with Reliant's authority or otherwise on its behalf in relation to the Loan at all times relevant to the causes of action pleaded in this Complaint.

10. On information and belief, at the time Fay obtained servicing rights to the Loan, the Loan was alleged to be in default.

11. Defendant Barham & Maucere LLC is a law firm located in Lancaster, Ohio, which was retained by Reliant to initiate and prosecute foreclosure proceedings against the Jakubeczes to attempt to collect a debt allegedly owed on the Loan in the Court of Common Pleas for Medina County, Ohio, Case No. 2020 CV 0247 (the "Foreclosure Case").

12. Jurisdiction is conferred by 28 U.S.C. § 1331 as this action primarily arises under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692k(d), *et seq*.

13. This Court has supplemental jurisdiction to hear any state law statutory and common law claims pleaded, *infra*, or that otherwise may arise pursuant to 28 U.S.C. § 1367.

14. Venue is appropriate within this District pursuant to 28 U.S.C. § 1391(b) as: (1) A substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District; and, (2) the Home, the property that is the subject of the action, is located within this District.

## SUMMARY OF CAUSES OF ACTION

15. The Jakubeczes file this action in substantial part to vindicate their consumer rights under federal and state law.

16. Steven Jacubecz is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3), and a person affected by a violation of the FDCPA, and other violations, with standing to bring this claim under 15 U.S.C. §§ 1692, *et seq*.

17. Barham & Maucere LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as Barham & Maucere LLC began collecting on the Loan when the Loan was in default. Barham & Maucere LLC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, such as Reliant.

18. The Loan is a "debt" as that term is defined by the FDCPA as the underlying debt sought to be collected by Barham & Maucere LLC was a residential mortgage the primary purpose of which was for personal, family, or household use.

19. Mr. Jakubecz asserts a claim for relief against Barham & Maucere LLC for violations of the specific rules under the FDCPA, as set forth, *infra.*

20. The Jakubeczes further assert a state law statutory claim for violations of the Residential Mortgage Lending Act, R.C. 1322.01, *et seq.* (RMLA).

21. The Jakubeczes are each a "buyer" as defined by R.C.1322.01(H), as they are individuals whose loan is serviced by a mortgage servicer, Fay.

22. Fay is a mortgage servicer under the RMLA as it "holds the servicing rights, records mortgage payments on its books, or performs other functions to carry out the mortgage holder's obligations or rights under the mortgage agreement." R.C. 1322.01(AA).

23. Fay is subject to the requirements of the RMLA and does not qualify for the exemptions listed in R.C. 1322.04.

## STATEMENT OF FACTS

24. The Jakubeczes fell behind delinquent on their obligations under the Loan after financial and health setbacks.

25. Reliant, represented by Barham & Maucere LLC, filed a complaint to initiate the Foreclosure Case on March 19, 2020.

26. In December 2021, the parties reached a settlement agreement to resolve the Foreclosure Case (the "Settlement Agreement"). *See*, a copy of the Settlement Agreement, attached as **Exhibit 2**.

27. The Settlement Agreement designated Fay as Reliant's agent and servicer and charged Fay with "complete authority" to act on behalf of Reliant. *See*, Exhibit 2 at ¶ 2.

28. The Settlement Agreement required Mr. Jakubecz to pay $18,000.00 in the form of twenty-four (24) individual monthly installments of $750.00 beginning on January 1, 2022. *See*, Exhibit 2 at ¶ 5.

29. The Settlement Agreement included specific payment instructions requiring Mr. Jakubecz to send all payments to Fay with the loan account information indicated on each payment. *See*, Exhibit 2 at ¶ 5.

30. Mr. Jakubecz made each and every payment in full, on time, and according to the express instructions in the settlement agreement.

31. Fay rejected, returned, or failed to apply numerous payments by Mr. Jakubecz.

32. For example, Fay refused to accept and returned the very first payment that Mr. Jakubecz submitted in December 2021 for January 2022. *See*, a copy of correspondence dated December 31, 2021 from Fay, attached as **Exhibit 3**.

33. Through counsel, Mr. Jacubecz promptly informed Daniel Barham that Mr. Jakubecz's first payment had been rejected. *See*, a copy of an email thread, attached as **Exhibit 4**.

34. A staff member of Barham & Maucere LLC responded as follows:

> I spoke to our contact at Fay Servicing. I was told there was an administrative error that caused the payment to be returned. It has since been corrected. Mr. Jakubecz may resend his payment and it will be accepted.

*See*, Exhibit 4.

35. Mr. Jakubecz resubmitted the January payment, and it was accepted.

36. However, Mr. Jakubecz's February payment was again initially rejected, and Mr. Jakubecz had to resubmit it a second time before it was finally accepted by Fay. *See*, a copy of correspondence dated February 9, 2022, from Fay, attached as **Exhibit 5**.

37. Mr. Jakubecz timely made payments for March, April, and May with financial assistance from a cancer charity, the Karen P. Nakon Breast Cancer Foundation. *See*, proof of such payments along with the corresponding periodic billing statements reflecting the same, attached as **Composite Exhibit 6**.

38. Although the monthly mortgage statements from Fay reflect that each of these payments was received and accepted by Fay, the statements also indicate that Fay failed to apply the payments to the agreed upon settlement amount, and that Fay has continued to demand monthly payment amounts that were not consistent with the parties' settlement agreement, including unauthorized attorney fees. *See*, **Exhibit 6**.

39. In June 2022, Fay rejected and returned Mr. Jakubecz's timely $750.00 monthly payment for June, claiming that "[t]he amount tendered is less than the amount required to pay off the loan." *See*, correspondence dated June 7, 2022, from Fay, attached as **Exhibit 7**.

40. Mr. Jakubecz resubmitted his June payment on two (2) subsequent occasions the same month, and although Fay received the payment, it twice refused to accept the resubmitted payment. *See*, a copy of a receipt evidencing proof of delivery of the first resubmitted payment to Fay, attached as **Exhibit 8**.

41. In late June, Mr. Jakubecz also submitted his July 2022 payment in full and on time, but again Fay rejected the payment by letter dated July 7, 2022, which claimed: "Your account is in active pre foreclosure or foreclosure status. We are unable to accept anything less than the full amount due." *See*, a copy of correspondence from Fay, dated July 6, 2022, attached as **Exhibit 9**.

42. The following day, Reliant, through Barham & Maucere LLC, filed a motion to reopen the Foreclosure Case and vacate the dismissal on the grounds that "Defendants have breached the settlement agreement by failing to make the agreed upon payments for the past four months."

43. The Jakubeczes reasonably determined that they had no other option than to hire counsel to represent them in defense of the Foreclosure Case.

44. The Jakubeczes retained and incurred costs and fees to retain DannLaw to represent them in the Foreclosure Case and to prepare and file a brief in opposition to the motion to reinstate the Foreclosure Case.

45. The Jakubeczes retained and incurred costs and fees to retain DannLaw to represent them in the Foreclosure Case and to prepare and file a brief in opposition to the motion to reinstate the Foreclosure Case.

46. The Jakubeczes further incurred costs, fees, and expenses to DannLaw to draft correspondence to Fay dated July 14, 2022, captioned "Notice of errors and/or qualified written request pursuant to 12 C.F.R. §§ 1024.35(b)(1) and/or (11) and 12 U.S.C. § 2605(e) for failure to service a loan in accordance to the terms of a settlement agreement and failing to accept payments remitted pursuant to the same" (the "NOE/QWR") and send the same via Certified U.S. Mail [Tracking No. 70220410 002 52636389] to the address Fay designated for borrowers to send qualified written requests, notices or error, and requests for information pursuant to RESPA and Regulation X (the "Designated Address"). *See*, a copy of the NOE/QWR, without enclosures, attached as **Exhibit 10**.

47. Fay received the NOE/QWR at the Designated Address on or before July 19, 2022. *See*, a copy of the tracking information for the NOE/QWR, attached as **Exhibit 11**.

48. Fay, through Barham & Maucere LLC, sent correspondence to Steven Jakubecz dated August 12, 2022, in response to the NOE/QWR (the "Response"). *See*, a copy of the Response, attached as **Exhibit 12**.

49. Through the Response, Fay admitted that it committed the errors alleged through the NOE/QWR and stated that it "directed its counsel to withdraw its motion to reopen the [F]oreclosure case" and that it had otherwise "corrected the errors identified in your Notice as of August 1, 2022, and future payments made to this account pursuant to the Settlement Agreement will be accepted and applied to your account." *See*, Exhibit 12.

## IMPACT AND DAMAGES

50. Had Reliant, Fay, and Barham & Maucere LLC, a (collectively, "Defendants") acted appropriately, the Settlement Agreement would have been honored and Foreclosure Case would have remained closed, which would have precluded any need for the Jakubeczes to hire

counsel to represent them in defense of the Foreclosure Case and to prepare and send the NOE/QWR.

51. Due to Defendants' actions, the Jakubeczes have faced the loss of their home in the Foreclosure Case, even though they made all payments as agreed under the parties' Settlement Agreement.

52. Defendants' improper actions have further caused the Jakubeczes to suffer from other damages including:

   a. The loss of funds, the loss of use of funds, and the time loss of funds for each of their wrongfully rejected payments—without receiving the benefit of the Settlement Agreement which would have been implemented but for Defendants' improper actions;

   b. Loss of time and money for continued defense of the Foreclosure Case which would not still be pending but for Defendants' actions in misapplication of payments in violation of RESPA and Regulation X and mortgage servicing guidelines and otherwise misrepresenting the status of the Loan and the amounts due thereunder in violation of the FDCPA;

   c. Legal fees, costs, and expenses incurred in defense of the Foreclosure Case since Defendants' wrongful conduct including the preparation of and filing of motions in defense of the motion to reopen the Foreclosure Case as well as in drafting and sending the NOE/QWR;

   d. Imposition of improper fees and charges imposed against the Loan, including attorneys fees and costs identified on recent periodic billing statements as "FORECLOSURE ATTORNEY FEE", due to the unnecessarily continued

Foreclosure Case which negatively impact any equity in the home to which the Jacubeczes would be entitled; and,

e. Severe emotional distress driven by Defendants' actions and by the tangible fear that Defendants' refusal to properly apply their payments would result in the imminent loss of their Home to foreclosure sale, which has resulted in frustration, loss of sleep, anxiety, depression, embarrassment, and other significant emotional distress above and beyond the emotional distress caused by the Foreclosure Case from which they were suffering prior to the conduct alleged in this complaint, which *inter alia*, caused Michelle Jacubecz to be prescribed an increased dosage of medication to treat issues including anxiety.

## COUNT ONE: AGAINST RELIANT
## BREACH OF CONTRACT

53. The Jakubeczes restate and incorporate all of their statements and allegations contained in paragraphs 1 through 52 in their entirety, as if fully rewritten herein.

54. The Settlement Agreement is a contract between the Jakubeczes and Reliant. *See* Exhibit 2.

55. Reliant breached the Settlement Agreement by rejecting Steven Jakubecz's payments and in claiming the submitted payments were insufficient to cure an alleged default on the Loan in violation of the Settlement Agreement.

56. Reliant's breach is one of bad faith which is evidenced by Reliant's failure to correct its breach despite the Jakubeczes putting Reliant, Barham & Maucere LLC, and Fay on notice of Fay's rejection of payments under the Settlement Agreement. *See*, Exhibit 4.

57. The Jakubeczes have been harmed by, and continue to suffer from harm resulting from Reliant's breach of the Loan, as discussed, *supra*, including, but limited to incurring attorneys

fees and costs in defending the Foreclosure Case and in preparing and sending the NOE/QWR..

58. As a direct and proximate result of Reliant's breach, Reliant is liable to the Jakubeczes for actual damages, as detailed, *supra*.

### COUNT TWO: AGAINST BARHAM & MAUCERE LLC AND FAY VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq.*

59. The Jakubeczes restate and incorporate all of their statements and allegations contained in paragraphs 1 through 52 in their entirety, as if fully rewritten herein.

60. Steven Jakubecz is a "consumer" as they are natural persons and residents of Medina County, Ohio, obligated or allegedly obligated to pay the Loan and the Settlement Agreement. 15 U.S.C. § 1692a(3).

61. The Loan and the Settlement Agreement are each a "debt" because each is an obligation or alleged obligation of the Jakubeczes to pay money arising out of a transaction primarily for personal, family, or household purposes as Jakubecz purchased the Home for his primary, principal residence and the Loan provided financing for the same. 15 U.S.C. § 1692a(5).

62. Barham & Maucere LLC and Fay are each a "debt collector" because they regularly collect or attempt to collect on the Loan and other mortgage loans. 15 U.S.C. § 1692a(6).

63. Barham & Maucere LLC's actions in moving to reopen the Foreclosure Case despite Steven Jakubecz's compliance with the terms of the Settlement Agreement and in making misstatements regarding the status of Steven Jakubecz's payments under the Settlement Agreement, constitute the use of false representations or deceptive means to collect or attempt to collect on the Loan. 15 U.S.C. § 1692e(10).

64. Fay's actions in rejecting Steven Jakubecz's payments and in claiming the submitted payments were insufficient to cure an alleged default on the Loan in violation of the

Settlement Agreement, constitute the use of false representations or deceptive means to collect or attempt to collect on the Loan. 15 U.S.C. § 1692e(10).

65. Barham & Maucere LLC's actions in filing the motion to reopen the Foreclosure Case despite Steven Jakubecz's compliance with the terms of the Settlement Agreement, constitute the use of unfair or unconscionable means to collect or attempt to collect on the Loan. 15 U.S.C. § 1692f.

66. Fay's actions in rejecting Steven Jakubecz's payments and in claiming the submitted payments were insufficient to cure an alleged default on the Loan in violation of the Settlement Agreement, constitute the use of unfair or unconscionable means to collect or attempt to collect on the Loan. 15 U.S.C. § 1692f.

67. Barham & Maucere LLC's actions in moving to reopen the Foreclosure Case despite Steven Jakubecz's compliance with the terms of the Settlement Agreement and in making misstatements and misrepresentations regarding the status of Steven Jakubecz's payments under the Settlement Agreement, constitute the use of conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt of unfair or unconscionable means to collect or attempt to collect on the Loan. 15 U.S.C. § 1692d.

68. Fay's actions in rejecting Steven Jakubecz's payments and in claiming the submitted payments were insufficient to cure an alleged default on the Loan in violation of the Settlement Agreement, constitute the use of conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt of unfair or unconscionable means to collect or attempt to collect on the Loan. 15 U.S.C. § 1692d.

69. Due to Barham & Maucere LLC's and Fay's actions, Steven Jakubecz has suffered actual damages as detailed, *supra*, including but not limited to fees incurred in defense of the motion to reopen the Foreclosure Case.

70. As a result of Barham & Maucere LLC's and Fay's actions, Barham & Maucere LLC and Fay are each liable to Steven Jakubecz for actual damages and statutory damages. 15 U.S.C. § 1692k(a)(1).

71. Additionally, Steven Jakubecz requests reasonable attorneys' fees and costs incurred in connection with this action. 15 U.S.C. § 1692k(a)(3)

## COUNT THREE: AGAINST RELIANT AND FAY
## VIOLATIONS OF THE RMLA, R.C. 1322.01, *et seq.*

72. The Jakubeczes restate and incorporate all of their statements and allegations contained in paragraphs 1 through 52 in their entirety, as if fully rewritten herein.

73. "No person ... shall act as a … mortgage servicer … without first having obtained a certificate of registration from the superintendent of financial institutions for the principal office and every branch office to be maintained by the person for the transaction of business as a … mortgage servicer ... in this state." R.C. 1322.07(A).

74. Reliant and Fay are each required to be registered with the Ohio Department of Commerce, Division of Financial Institutions under R.C. 1322.

75. Reliant is a registrant under R.C. 1322, as the Ohio Department of Commerce, Division of Financial Institutions has issued it a certificate of registration, License No. RM.501968.000.

76. Fay is a registrant under R.C. 1322, as the Ohio Department of Commerce, Division of Financial Institutions has issued it multiple certificates of registration, *inter alia*, License Nos.

RM.850230.000, RM.850230.001-BR, RM.850230.002-BR, RM.850230.004-BR, RM.850230.005-BR, and RM.850230.006-BR.

77. The Jakubeczes are each a buyer as defined by the RMLA, as the Loan is serviced by Reliant and Fay. R.C. 1322.01(H).

78. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.* cannot:

> (B) Make false or misleading statements of a material fact, omissions of statements required by state or federal law, or false promises regarding a material fact, through advertising or other means, or engage in a continued course of misrepresentations; [or]
> (C) Engage in conduct that constitutes improper, fraudulent, or dishonest dealings[.]

R.C. 1322.40.

79. Reliant and Fay, in omitting or misrepresenting facts regarding Steven Jakubecz's payments remitted in furtherance of the Settlement Agreement, failing to accept and apply the such payments in furtherance of the Settlement Agreement, in misrepresenting the payment status under the Settlement Agreement, and in moving to reopen the Foreclosure Case despite Steven Jakubecz's performance under the Settlement Agreement, engaged in a continued course of misrepresentations by making false or misleading statements of material facts. R.C. 1322.40(B).

80. The conduct of Reliant and Fay, in improperly rejecting payments under the Settlement Agreement and in making false statements to the court in the Foreclosure Case, constitutes violations of R.C. 1322.40(C).

81. The conduct of Reliant and Fay caused the Jakubeczes to suffer actual damages, as further described, *supra*.

82. As a result of the conduct of Reliant and Fay, Reliant and Fay are each liable to the Jakubeczes for actual damages, as further described, *supra*, as well as reasonable attorneys' fees and costs incurred in connection with this action and punitive damages. R.C. 1322.52.

83. A registrant, licensee, or person required to be registered or licensed under R.C. 1322, *et seq.*, is required to comply with all duties imposed by other statutes or common law and:

> (1) Safeguard and account for any money handled for the buyer;
> (2) Follow reasonable and lawful instructions from the buyer;
> (3) Act with reasonable skill, care, and diligence; [and]
> (4) Act in good faith and with fair dealing in any transaction, practice, or course of business in connection with the brokering or originating of any residential mortgage loan[.]

R.C. 1322.45(A).

84. A registrant, licensee, or person required to be registered or licensed under R.C. 1322 cannot waive or modify its duties under R.C. 1322.45(A). R.C. 1322.45(C).

85. Reliant and Fay, in omitting or misrepresenting facts regarding Steven Jakubecz's payments remitted in furtherance of the Settlement Agreement, failing to accept and apply the such payments in furtherance of the Settlement Agreement, in misrepresenting the payment status under the Settlement Agreement, and in moving to reopen the Foreclosure Case despite the Jakubeczes' performance under the Settlement Agreement, constitutes violations of R.C. 1322.45(A)(1)-(4).

86. As a result of the conduct of Reliant and Fay, Reliant and Fay are each liable to the Jakubeczes for actual damages, as further described, *supra*, as well as reasonable attorneys' fees and costs incurred in connection with this action and punitive damages. R.C. 1322.45(D).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Steven and Michele Jakubecz pray that this Court grant judgment against Defendants Reliant Loan Servicing, LLC, Fay Servicing LLC, and Barham and Maucere, LLC, and award them the following:

A. Actual damages from Defendant Reliant Loan Servicing in an amount to be determined at trial for the allegations contained in Counts One;

B. Actual damages from Defendant Reliant Loan Servicing and Fay Servicing LLC in an amount to be determined at trial for the allegations contained in Counts Three;

C. An award of punitive damages in an amount to be determined at trial for the allegations contained in Count Three.

D. For attorney's fees and costs as to Counts One and Three; and,

E. For such other relief which this Court may deem appropriate.

**WHEREFORE**, Plaintiff Steven Jakubecz prays that this Court grant judgment against Defendants Barham & Maucere LLC and Fay Servicing LLC. and award him the following:

A. Actual damages from Defendants Barham & Maucere LLC and Fay Servicing LLC in an amount to be determined at trial for the allegations contained in Count Two.

B. An award of statutory damages of One Thousand Dollars ($1,000.00) from Defendants Barham & Maucere LLC and Fay Servicing LLC for violation of the FDCPA contained in Count Two;

C. For attorney's fees and costs as to Count Two; and,

D. For such other relief which this Court may deem appropriate.

Respectfully submitted,

*/s/ Marc E. Dann, Esq.*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Michael A. Smith Jr. (0097147)
Brian D. Flick (0081605)
Dann Law
15000 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0539
Facsimile: (216) 373-0536

notices@dannlaw.com
*Counsel for Plaintiffs Steven Jakubecz and Michelle Jakubecz*

## JURY DEMAND

Plaintiffs Steven and Michele Jakubecz hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/ Marc E. Dann, Esq.*
Marc E. Dann (0039425)
Daniel M. Solar (0085632)
Michael A. Smith Jr. (0097147)
Brian D. Flick (0081605)
Dann Law